UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHRISTOPHER LEWIS,

      Plaintiff,

v.                  Civil Action No. 2:15-00394 (Lead Action)

BEST BUY STORES, L.P., and
WILLIAM HOLMAN,

Defendants


TERA ROSS,

      Plaintiff,

v.                  Civil Action No. 2:15-00395 (Consolidated)

BEST BUY STORES, L.P., and
WILLIAM HOLMAN,

Defendants.

### MEMORANDUM OPINION AND ORDER


      Pending is the defendants' motion to dismiss, filed

January 15, 2015.  The plaintiffs filed a response in opposition

on February 9, 2015, which contains a cross-motion for summary

judgment.  The plaintiffs' response notes that the defendants

attached an affidavit in support of their motion to dismiss and

asserts that if the affidavit is taken into consideration, the

defendants' motion must be converted into a motion for summary

judgment.  The plaintiffs argue that the court should not take

the attachment into consideration.  As discussed more thoroughly

below, the court agrees that taking the affidavit into account
would require conversion of the motion to dismiss into one for
summary judgment.[1]  As discovery is still ongoing, summary
judgment would be premature.  Accordingly, the information
contained in the affidavit is not taken into consideration by
the court in deciding the motion to dismiss.

For the reasons set forth in this opinion, the
defendants' motion to dismiss is denied.  The plaintiffs' cross-
motion for summary judgment is also denied without prejudice as
moot.

## Background

Plaintiffs Christopher Lewis ("Lewis") and Tera Ross
("Ross") are West Virginia citizens who live in Kanawha County,
West Virginia.  Pl. Compl. ¶ 1.[2]  Defendant Best Buy Stores, L.P.
("Best Buy") is a limited partnership with its principal place

---

[1] The plaintiffs attached an affidavit to their cross-motion for
summary judgment which was inadvertently filed without a
signature block.  The plaintiffs subsequently filed a
supplemental motion seeking to replace the unsigned affidavit
with a signed copy.  As this order denies the plaintiffs' motion
for summary judgment as moot, the supplemental motion is also
denied for mootness.

[2] Before consolidation, the plaintiffs each filed a separate
complaint.  Those complaints are virtually identical. With the
exception of the identifying details pertaining to each
plaintiff, they allege the same facts, assert the same claims,
and contain the same organization and paragraph numbering.

of business in Richfield, Minnesota.  Id. ¶ 2.  Defendant
William Holman ("Holman") is alleged to be an Ohio citizen who,
at the time of the incident giving rise to this suit, was a West
Virginia citizen employed in a management position at a Best Buy
retail location in South Charleston, West Virginia.  Id. ¶ 3.
Lewis is an African-American male.  Id. ¶ 6.  Ross is a
"[c]aucasian and Native American" female.  Id. ¶ 7.  Holman's
race is not identified.

      On February 7, 2014, Lewis and Ross visited the South
Charleston Best Buy intending to purchase a gaming system.  Id.
¶ 8, ¶ 10.  Holman was on duty as a manager at the store that
evening.  Id. ¶ 9.  According to the complaint, Holman refused
to allow Lewis and Ross to purchase the gaming system, "even
though other customers were permitted to complete their
transactions."  Id. ¶ 12.  It is also alleged that Holman forced
Lewis and Ross to leave the store, followed them outside, and
directed "racially discriminatory and insulting words directly
at Mr. Lewis that amounted to vituperative epithets or racial
slurs."  Id. ¶¶ 13-14.  Specifically, it is alleged that Holman
referred to Lewis as a "nobody" who he "didn't have to serve" as
well as saying that Lewis should "go back to the hood where he
belonged."  Id. ¶ 15.

      The plaintiffs' complaint contains two causes of

action: 1) discrimination in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-9, and 2) a violation of West Virginia's insulting words statute, W. Va. Code § 55-7-2. The defendants' motion to dismiss addresses only the first claim.  Relying on Holman's affidavit, the defendants assert that Holman did not engage in any discriminatory conduct and, therefore, that the plaintiffs' discrimination claim fails as a matter of law.

This case was initially filed in the Circuit Court of Kanawha County, West Virginia on August 18, 2014.  The defendants received service through the West Virginia Secretary of State on December 11, 2014.  On January 8, 2015, the defendants invoked the jurisdiction of this court by filing a timely notice of removal pursuant to U.S.C. § 1332.  Although Holman was a citizen of West Virginia at the time the incident took place, the court can properly exercise diversity jurisdiction because at the time the action was filed Holman is alleged to be a citizen of Ohio.  Thus, complete diversity exists between the parties.  Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567 (2004).

## The Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Stated succinctly, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 at 569; Giarratano, 521 F.3d at 302.

When evaluating a motion to dismiss, a district court is required to "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-556); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). Factual allegations are to be distinguished from legal conclusions, which the court need not accept as true. Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## Discussion

The defendants argue that the plaintiffs' discrimination claim fails as a matter of law because Holman, when he asked the plaintiffs to leave the Best Buy store without their being able to purchase the gaming system, did so for "legitimate, nondiscriminatory reasons." See Def. Mem. in Supp. Mot. to Dismiss at * 4. The defendants' argument relies on Holman's account of the incident set forth in an affidavit

6

attached to the motion to dismiss. "Holman Affidavit."[3] According to Holman's affidavit, Lewis attempted to pay for the gaming system with a credit card that lacked sufficient funds to complete the transaction. Id. Lewis then tried to purchase different items, and his card was again declined for having insufficient funds. Id. Before trying to complete a transaction for the third time, Lewis was asked to present his driver's license. Id. After the request for identification, Holman claims that Lewis became aggressive and belligerent, prompting Holman to ask both Lewis and Ross, who was accompanying him, to leave the store. Id.

As noted above, when evaluating a motion to dismiss, a plaintiff is entitled to have all of the well-pleaded facts in his complaint accepted as true and all reasonable inferences arising from those facts drawn in his favor to the extent those inferences support his position. Additionally, a district court considering a motion to dismiss is governed by the "Four Corners Rule" which generally limits the court to an examination of the complaint and any documents that are attached to it. See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009). That rule is an evaluative canon that prevents a district court from running afoul of Federal Rule of

---

[3] Attached as "Exhibit A" to Def. Mot. to Dismiss (ECF 3-1).

Civil Procedure 12(d) which states:

> If, on a motion [to dismiss] under Rule 12(b)(6) or
> 12(c), matters outside the pleadings are presented to
> and not excluded by the court, the motion must be
> treated as one for summary judgment under Rule 56.

Fed. R. Civ. P. 12(d).

There are a few limited exceptions by which a court can consider material outside the complaint itself without converting the motion to dismiss into a motion for summary judgment.  As our Court of Appeals explained in Philips v. Pitt County Memorial Hospital, it is permissible for a court reviewing a motion to dismiss to "take judicial notice of matters of public record" or to "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic," without transforming a motion to dismiss into a motion for summary judgment.  Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The Holman affidavit is attached to the defendants' motion to dismiss.  However, it is not a document relied on in the complaint and it is not otherwise integral to the plaintiffs' claim.  Consequently, it cannot be examined under the mentioned exceptions.  See e.g., Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)(newspaper article relied upon

8

in, but not attached to, plaintiff's complaint was a basis of plaintiff's claim and could be considered by the district court after being attached to motion to dismiss by the defendant). Indeed, the affidavit's recitation of events contradicts or casts doubt on the veracity of the allegations set forth in the complaint and seeks to rebut the inferences that can be drawn from the complaint in favor of the plaintiffs.  Thus, the Holman affidavit cannot be classified as integral and does not fit within the exception articulated in <u>Philips</u>.

Taking the Holman affidavit into account would require the court to transform the defendant's motion to dismiss into a motion for summary judgment.  This the court declines to do. Rule 12 states that when a court considers material outside the four corners of the complaint which would require the conversion of a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [summary judgment] motion."  Fed. R. Civ. P. 12(d).  The account set forth in Holman's affidavit may or may not be an accurate version of the events that occurred at Best Buy, but the plaintiffs are entitled to a reasonable amount of time to develop the facts before offering their rebuttal.  Discovery is ongoing and is not scheduled to close until August 28, 2015.  Our Court of Appeals

has expressly stated that "summary judgment is appropriate only after adequate time for discovery." Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore, 721 F.3d 264, 280 (4th Cir. 2013)(internal quotation marks omitted). Accordingly, the court concludes that it would be premature to consider the affidavit at this stage.

### Conclusion and Order

The lynchpin of the defendant's motion to dismiss is the contention that Holman acted in a legitimate, nondiscriminatory manner when he asked the plaintiffs to leave the South Charleston Best Buy. The only support the defendants have for that contention comes from the Holman affidavit. The defendants offer no other arguments in favor of dismissal. The court has concluded that taking the affidavit into consideration at this time would be both improper and premature. Accordingly, the court denies the defendants' motion to dismiss.

The plaintiffs' cross-motion for summary judgment, sought in the event the court converted the defendant's motion to dismiss into a motion for summary judgment, is, as earlier noted, denied without prejudice as moot.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

ENTER: May 22, 2015

John T. Copenhaver, Jr.
United States District Judge